UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CIVIL ACTION NO. 2:18-cv-00485

ONE 2009 CHEVROLET TAHOE LTZ
SPORTS UTILITY VEHICLE,

        Defendant.

(Leonard S. Roberts II,
 Criminal No. 2:18-cr-00004)

### VERIFIED COMPLAINT OF FORFEITURE

Comes now the United States of America, by and through its attorneys, Michael B. Stuart, United States Attorney for the Southern District of West Virginia, and John J. Frail, Assistant United States Attorney for the Southern District of West Virginia, and respectfully states as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* brought on behalf of the United States of America, pursuant to 18 U.S.C. § 983(a), to enforce the provisions of 21 U.S.C. § 881(a)(4) for the forfeiture of a conveyance which was used or intended to be used in any manner or

part to commit or to facilitate the commission of, one or more violations of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

### THE DEFENDANT IN REM

2. The defendant property is more particularly identified as one 2009 Chevrolet Tahoe LTZ Sport Utility Vehicle, maroon in color, VIN 1GNFK332X9R260201 (CATS No. 18-DEA-635941), seized on or about September 6, 2017, from the possession of Leonard S. Roberts II at 688 Gordon Drive, Charleston, West Virginia. The vehicle is registered with the West Virginia Division of Motor Vehicles in the name of Leonard S. Roberts II, 206 Crossroads Vlg. Dr., Nitro, West Virginia, 25143.

3. The vehicle presently has an NADA[1] clean trade-in value of $17,800. There are no liens of record against the vehicle.

4. The vehicle is presently in custody of the U.S. Marshal Service in Pittsburgh, Pennsylvania, reference CATS No. 18-DEA-635941.

### JURISDICTION AND VENUE

5. Plaintiff, United States of America, brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United

---

[1]National Automobile Dealers Association.

States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

7. Upon the filing of this verified complaint, the plaintiff requests that the Clerk of this Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b)(i), which the plaintiff will execute upon the seized personal property in custody of the United States Marshal Service, pursuant to Supplemental Rule G(3)(c).

## BASIS FOR FORFEITURE

8. The defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4) because it was used or intended to be used, to transport, or in any manner to facilitate the transportation, sale, receipt, possession and concealment of controlled substances.

## FACTS

9. The facts giving rise to the forfeitability of the defendant vehicle are as follows:

   a. In August 2017, the Drug Enforcement Administration (DEA) in Charleston, West Virginia, in conjunction with the Kanawha County Sheriff's Office received information regarding the drug

activities of Leonard S. Roberts II, who was selling pound quantities of methamphetamine in the Charleston metro area.

  b. In August 2017, DEA initiated an investigation on the Leonard S. Roberts II drug trafficking organization (DTO). During the investigation, it was identified that Leonard S. Roberts II and members of his DTO were conducting wire transfers to members of a source of supply organization resulting in the shipment of methamphetamine utilizing UPS packages to be delivered to Charleston, West Virginia. The investigation identified Leonard S. Roberts II as being the subject of several narcotics investigations dating back to August 2016.

  c. On August 16, 2017, agents of the Kanawha County Sheriffs STOP Team and agents from the DEA Charleston District Office utilized a confidential source (CS) to conduct a controlled narcotics purchase of crystal methamphetamine from Leonard S. Roberts. Leonard Roberts utilized his 2009 Chevrolet Tahoe LTZ (CATS No. 18-DEA-635941) to meet the CS and sold the CS approximately 4 ounces of crystal methamphetamine.

  d. On September 21, 2017, a Kanawha County Sheriff's Office confidential informant, hereafter referred to as CI, received information that a UPS package containing methamphetamine was destined to Charleston, West Virginia, and would be picked up at the

4

UPS Store located at 5312 MacCorkle Avenue, SW, Charleston, West Virginia. Surveillance followed the vehicle to the residence of Leonard S. Roberts, located at 688 Gordon Drive, Charleston, West Virginia. At this time, a CI entered Robert's residence located at 688 Gordon Drive, and was given an amount of methamphetamine as "fronted drugs" from Roberts. The CI departed the residence and later met with the investigators at a pre-determined location for debriefing. At this time, DEA agents retrieved the methamphetamine from the CI and processed it as evidence.

e. On September 22, 2017, the CI met with Roberts at the Cold Spot, located in Cross Lanes, West Virginia, for the purpose of the CI to re-pay Roberts for the "fronted drugs." The CI provided Roberts with approximately $1,650 of pre-recorded buy money as payment for the drugs that Roberts fronted to the CI on September 21, 2017. Roberts traveled to the Cold Spot to meet the CI in his 2009 Chevrolet Tahoe (CATS No. 18-DEA-635941).

f. Janice Roberts, Leonard Roberts' daughter, was interviewed and gave a Mirandized statement after a search warrant was executed at the Gordon Drive residence on October 19, 2017. Janice Roberts stated that her father, Leonard Roberts II, had been selling drugs since his arrival in West Virginia in 2015. Ms. Roberts further stated that Leonard Roberts II had purchased the

2009 Chevrolet Tahoe, as well as other vehicles, with drug proceeds.

   g. The vehicles were purchased during the time period that the narcotics investigations were being conducted on Leonard Roberts II by DEA, the Kanawha County Sheriff's Department and the Metropolitan Drug Enforcement Network Team (MDENT) in the Charleston, West Virginia, area between April and October, 2017.

   h. On January 17, 2018, a federal grand jury sitting in the Southern District of West Virginia at Charleston returned a seven-count indictment against Leonard Roberts II, and five other defendants charging conspiracy to distribute 500 grams or more of methamphetamine and other controlled substance violations. Leonard Roberts II was charged in six counts of the Indictment with conspiracy to distribute 500 grams or more of methamphetamine, distribution, attempted possession with intent to distribute and possession with intent to distribute methamphetamine between April and October, 2017. <u>United States v. Leonard Roberts II, et al.</u>, Criminal No. 2:18-cr-00004 (ECF 1).

   i. During a post-arrest statement, Leonard Roberts II admitted his involvement in the distribution of methamphetamine and his lack of employment history in the Southern District of West Virginia during the relevant period.

6

j. For the foregoing reasons, the defendant vehicle is forfeitable to the United States, pursuant to 21 U.S.C. § 881(a)(4), as a conveyance that was used or intended to be used to transport or to facilitate the transportation, sale, receipt, possession or concealment of controlled substances, specifically methamphetamine, a Schedule II controlled substance.

WHEREFORE, the United States prays that process of warrant <u>in rem</u> issue for the arrest of the defendant vehicle; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant vehicle be forfeited to the United States for disposition according to law; and that the United States be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

By: s/John J. Frail
JOHN J. FRAIL
Assistant United States Attorney
WV State Bar No. 1265
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: john.frail@usdoj.gov

**VERIFICATION**

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, TO-WIT:

I, Brian I. Roscoe, Drug Enforcement Administration, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint for Forfeiture in rem is based upon reports and information I have gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except where stated to be upon information and belief, in which case I believe it to be true.

Executed on March 26, 2018.

_____
BRIAN I. ROSCOE

Taken, subscribed and sworn to before me this 26th day of March, 2018.

_____
Notary Public

My commission expires on March 30, 2024



Official Seal
Notary Public, State of West Virginia
Debra L. Watson
938 98th Street
Marmet, WV 25315
My Commission Expires March 30, 2024

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **KANAWHA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John J. Frail, Assistant United States Attorney
P.O. Box 1713, Charleston, WV 25326 (304)345-2200

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff
[ ] 3  Federal Question *(U.S. Government Not a Party)*
[ ] 2  U.S. Government Defendant
[ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1  Original Proceeding
[ ] 2  Removed from State Court
[ ] 3  Remanded from Appellate Court
[ ] 4  Reinstated or Reopened
[ ] 5  Transferred from Another District *(specify)*
[ ] 6  Multidistrict Litigation - Transfer
[ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881(a)(6)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 03/26/2018

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____